**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAISON CIANELLI,<br><br>Plaintiff,<br><br>v.<br><br>NOURISON INDUSTRIES, INC., BED BATH & BEYOND, INC., HOME DEPOT U.S.A., INC., KOHL'S CORPORATION, WALMART, INC., and QVC, INC.,<br><br>Defendants. | Civil Action No. 3:19-cv-19147(FLW)<br><br>**OPINION** |

**WOLFSON, Chief Judge**:

This case arises out of a copyright dispute between Plaintiff Jaison Cianelli ("Plaintiff" or "Cianelli") and Defendants Nourison Industries, Inc., Bed Bath & Beyond, Inc., Home Depot, U.S.A., Inc., Kohl's Corporation, Walmart, Inc., and QVC, Inc. (collectively, "Defendants").[1] In his Amended Complaint, Cianelli alleges that Defendants used his paintings to make and sell rugs, in violation of 17 U.S.C. § 101 *et seq*. *See* Dkt. 29 ¶¶ 1, 12-14, 21-29. Defendants move to dismiss the Amended Complaint on the grounds that it is not timely and, in any event, does not state a plausible claim of copyright infringement. *See* Mot. to Dismiss, at 5-6. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Cianelli is an artist specializing in acrylic-based, abstract paintings. *See* Am. Compl., ¶ 5. In 2010 and 2012, he painted two works, which are the subject of this litigation. One is titled "A

---

[1]    QVC was not originally a party to this Motion, but moved to join it on March 12, 2020.

1

Case 3:19-cv-19147-FLW-ZNQ   Document 43   Filed 08/20/20   Page 2 of 16 PageID: 306

Heart So Big." *See* Am. Compl. Ex. B. The other is titled "Mother Earth." *See id.* Ex. C. The United States Copyright Office registered both paintings on September 16, 2019. *See id.* at 3-4; Ex. B-C. In his Amended Complaint, Cianelli alleges that, "[s]ometime after 2012," Nourison "copied [his] paintings" into rugs, then "distributed" the rugs to Bed Bath & Beyond, Home Depot, Kohl's, Walmart, and QVC, who sold them online and in stores, all without his consent and in violation of 17 U.S.C. §§ 106, 500. *Id.* at 3-5.

Cianelli filed his original Complaint on October 20, 2019. On January 17, 2020, Defendants moved to dismiss on various grounds. Cianelli did not oppose Defendants' motion. Instead, he filed the operative Amended Complaint on February 10, 2020. On February 26, 2020, Defendants filed the present motion, arguing that the Amended Complaint violates Fed. R. Civ. P. 15(a)(1) and Local Civ. R. 15.1, and that leave to further amend should be denied as futile because Cianelli (1) fails to state a claim for copyright infringement or (2) properly allege personal jurisdiction over Home Depot, Kohl's, and Walmart. *See* Mot. to Dismiss, at 5-6.

**II.     STANDARD OF REVIEW**

Fed. R. Civ. P. 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The Rule 8 pleading standard does not require detailed factual allegations. It does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, while a court must accept as true all well-pleaded factual allegations in a complaint, and draw all reasonable inferences in favor of the non-moving party, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), it need not entertain "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[I]f a complaint is subject to a Rule 12(b)(6) dismissal," however, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).[2]

Finally, under Fed. R. Civ. P. 15(a)(1), a plaintiff may amend a complaint as a matter of right no more than 21 days after a defendant serves a motion to dismiss. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires," *id.*, and "a refusal of a motion for leave to amend must be justified." *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995) (internal citation omitted). "Permissible justifications include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." *Id.*; *see also Inventel Products, LLC v. Li*, No. 2:19-9190, 2019 WL 5078807, at *3 (D.N.J. Oct. 10, 2019); *Ragner Tech. Corp. v. Berardi*, 324 F. Supp. 3d 491, 518 (D.N.J. 2018). Local Rule 15.1 expands on the rules governing leave to amend. It requires a party who seeks leave to do so by motion. That motion

---

2   These pleading requirements apply in copyright infringement actions. *See infra*. Indeed, the Third Circuit recently held that Rule 12(b)(6) dismissals are no longer disfavored in such actions, even though they often involve "an extremely close question of fact." *Tanksley v. Daniels*, 902 F.3d 165, 171 (3d Cir. 2018) (upholding such a dismissal and stating that they were "formerly rare" but "are now more common").

must include a copy of the proposed amended pleading and a statement of the ways in which it differs from the pleading it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added. Failure to comply with Rule 15.1 "complicates this Court's review of the relevant documents and, in and of itself, is an error significant enough to warrant denial of Plaintiff's motion." *Lax v. City of Atlantic City*, No. 19-7036, 2019 WL 7207472, at *6 (D.N.J. Dec. 27, 2019); *see also Sammut v. Valenzano Winery LLC*, No. 18-16650, 2019 WL 2498767, at *5, n.2 (D.N.J. June 17, 2019); *A.B. v. Vineland Bd. of Educ.,* No. 17-11509, 2019 WL 2354609, at *5 (D.N.J. June 4, 2019) (dismissing a complaint because the plaintiff "did not properly indicate how the Amended Complaint differs from her original one).

### III. DISCUSSION

Defendants move to dismiss the Amended Complaint because it was filed without leave of Court, in violation of Fed. R. Civ. P. 15 and Local Civ. R. 15.1. *See* Opp. Br., at 5. Regardless of this procedural defect, Defendants argue that the Amended Complaint fails to state a claim for copyright infringement against any Defendant or properly allege personal jurisdiction over Home Depot, Kohl's, and Walmart. *Id.* Because "the Amended Complaint contains either conclusory or no allegations regarding Defendants' purported copying or when Defendants' infringement occurred," Defendants contend, it would be futile to deem it to be timely or to grant Plaintiff leave to refile for a third time. *Id.* at 5-6.

*A. Personal Jurisdiction*

To begin, Defendants argue that Plaintiff's Amended Complaint fails to establish that this Court has personal jurisdiction over Walmart, Home Depot, and Kohl's. *See* Mot. to Dismiss, at 17-18. Plaintiff responds that Walmart, Home Depot, and Kohl's waived any objection to personal

4

jurisdiction by failing to raise it in their initial motion to dismiss, which they filed on January 17, 2020, in response to Plaintiff's original Complaint. *See* Opp. Br., at 14-15.

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Insurance Corp. of Ireland, Ltd., et al. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). "A party who fails to raise personal jurisdiction as a defense in a Rule 12 motion waives the defense and cannot raise it in an answer or in a subsequent motion." *Hull v. Glob. Digital Sols., Inc.*, No. 16-5153, 2018 WL 4380999, at *11 (D.N.J. Sept. 14, 2018) (citing *Myers v. American Dental Ass'n*, 695 F.2d 716, 720 (3d. Cir. 1982)); *see also Rates Technology v. Nortel Networks Corp.*, 399 F.3d 1302, 1307 (Fed. Cir. 2005), *cert. denied*, 545 U.S. 1141 (2005) (stating that Rule 12(h) "advises a litigant to exercise great diligence in challenging personal jurisdiction . . . [and this defense must be raised] at the time the first significant defensive move is made.") (internal quotations and citations omitted); Fed. R. Civ. P. 12(h)(1)(B)(i). Here, Defendants did not object to personal jurisdiction until they moved to dismiss Plaintiff's Amended Complaint on February 26, 2020, even though that defense was available to them when they moved to dismiss Plaintiff's original Complaint. The Court, therefore, deems the defense to be waived. *See Hull*, 2018 WL 4380999 at *11 (noting that the "filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading"); *Avraham v. Golden*, No. 18-11795, 2020 WL 2214535, at *4 (D.N.J. May 7, 2020) (citing *Hull* and holding that defendant waived its objection to personal jurisdiction by failing to raise it in his first motion to dismiss); *Bell v. Lockheed Martin Corp.*, Nos. 08-6292, 10-4297, 2011 WL 1467365, at *9 (D.N.J. Apr. 18, 2011) (noting that the very act of failing to timely object voluntarily submits a defendant to jurisdiction and constitutes meaningful participation in a proceeding); *Chan v. County*

*of Lancaster*, No. 10-3424, 2012 WL 4510776, at *13 (E.D. Pa. Sept. 28, 2012) (explaining that Rule 12 "prohibits a party from raising a defense or objection in a Rule 12 motion that was previously available to the party but omitted from its earlier motion"; *see also* 5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1391 (3d ed. Apr. 2020 Update).

### B. The Timeliness of Plaintiff's Amended Complaint

Next, I address the timeliness of Plaintiff's Amended Complaint. Plaintiff admits that his counsel missed the deadline to amend as of right, which expired on February 7, 2020, instead filing the Amended Complaint without the Court's leave on February 10, 2020, the next business day. *See* Opp. Br., at 8-9. Plaintiff nevertheless argues that "the Amended Complaint should be deemed timely," because the Court's electronic filing system malfunctioned. *Id.* To support this argument, Plaintiff cites *John M. Floyd & Assocs., Inc. v. Ocean City Home Bank*, 593 F. Supp. 2d 719, 725 (D.N.J. 2009), for the proposition that, in such cases, "equity dictates some leeway." Yet, Plaintiff fails to mention that, in order to receive leeway on an equitable basis, an attorney filing electronically who "experiences technical failure" must submit the document to "the Court that day in an alternative manner, *provided that it is accompanied by an affidavit*" outlining the failed attempts to file electronically "at least two times, *at least one hour apart*, after 12:00 noon." *See id.*; L. Civ. R. 5.2 ¶ 15 (emphasis added); Reply Br., at 2-4. Plaintiff's counsel did not submit any such affidavit on February 7, 2020, when he faxed and emailed the Amended Complaint to the Court. While Plaintiff's counsel did attach such an affidavit to Plaintiff's opposition brief, that does not comport with Rule 5.2, which requires that an affidavit be provided with the alternative filing. *See Ocean City*, 593 F. Supp. 2d at 724-25. Nor did Plaintiff's counsel "certify that his attempts took place 'at least one hour apart,'" stating only that he attempted to file "between 2:30 p.m. and 5:00 p.m." *See id.* at 724. Because Plaintiff's counsel failed to submit the appropriate

6

affidavit "on the day of difficulty," *id.* at 725, the Court cannot deem the Amended Complaint to be timely, and the original Complaint remains the operative complaint in this action.[3]

  *C. Sufficiency of the Allegations in the Proposed Amended Complaint*

  Regardless of the procedural defect from which the Amended Complaint suffers, Plaintiff asks the Court for leave to file for a third time. *See* Opp. Br., at 9. Defendants ask the Court to not only "strike the Amended Complaint" on the grounds it is untimely, *see supra*, but to "deny" further leave. *See* Mot. to Remand, at 4-5. Specifically, Defendants argue that leave to refile would be futile, since Plaintiff has failed to state a plausible claim of copyright infringement. *Id.* at 5. Because the parties' dispute, here, turns on whether Plaintiff has satisfied the Rule 8 pleading requirements, I proceed to discuss the allegations in the proposed amendments, which are substantially similar to those added in the Amended Complaint.

  "In order to assess the sufficiency of Plaintiff's allegations . . . the Court's first step is to consider the elements of a prima facie case for copyright infringement." *Bradshaw v. Am. Inst. For History Educ.*, No. 12-1367, 2013 WL 1007219, at *2 (D.N.J. Mar. 13, 2013); *see also Santiago v. Warminster TP*, 629 F.3d 121, 130 (3d Cir. 2010). To state a claim for copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) that a defendant copied the constituent, original elements of the work. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). In particular, a plaintiff must allege: (1) "which specific original work is the subject of the copyright claim," (2) "that plaintiff owns the copyright," (3) "that the work in question has been registered in compliance with the statute," and (4) "by what acts and during what time defendant has infringed the copyright." *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643-44 (E.D. Pa. 1979), *aff'd*, 612 F.3d 572 (3d Cir. 1979); *see also Levey v. Brownstone Inv.*

---

[3]  There is no dispute, however, that if I were to find that the Proposed Amended Complaint deficient, as discussed *infra*, the original Complaint would similarly be deficient.

*Group, LLC*, 2013 WL 3285057, at *5 (D.N.J. June 26, 2013); *Bradshaw*, 2013 WL 1007219, at *3; *Hanover Arch. Serv., P.A. v. Christian Testimony–Morris, N.P.*, No. 10-5455, 2011 WL 6002045, at *5 (D.N.J. Nov. 29, 2011); *Nourison Indus., Inc. v. Virtual Studios, Inc.*, No. 09-5746, 2010 WL 2483422, at *3 (D.N.J. June 3, 2010); *Stampone v. Stahl*, No. 05-1921, 2005 WL 1694073, at *2 (D.N.J. July 19, 2005); Fed. R. Civ. P. Form 19 (providing a generic complaint for copyright infringement which includes allegations describing specific infringing acts).

Defendants first take issue with the validity of Plaintiff's copyrights, questioning the timing of his copyright registration, which he obtained in September 2019, "just one month before this action was commenced," despite painting Heart So Big and Mother Earth seven to nine years earlier. Mot. to Dismiss, at 14. While generally the issue is *whether*, at the time Plaintiff filed or amended his Complaint, Plaintiff had registered a copyright, *see Profoot, Inc. v. MSD Consumer Care, Inc.*, 2012 WL 1231984, at *2 (D.N.J. Apr. 12, 2012) ("[B]ecause the Amended Counterclaims have the copyrights attached, this issue is now moot."), it also matters *when* Plaintiff filed for registration. Only registrations made "before or within five years after first publication . . . shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c); *Wizkids Creations Co. v. SEPTA Transp.*, No. 02-3249, 2003 WL 21250661, at *3 (E.D. Pa. Feb. 27, 2003) (citing § 410(c)). Plaintiff attached to his Amended Complaint copyright certificates for both paintings, *see* Am. Compl. Ex. B-C, showing that, when he registered the copyrights, more than five years had passed since the date of first publication. As such, Plaintiff's copyrights are not entitled to a presumption of validity, which undermines the first element of Plaintiff's infringement claim.

Even assuming that Plaintiff's copyrights are valid, Defendants argue that Plaintiff fails to state a claim of copyright infringement because he fails to allege how Defendants accessed his

works or what acts they undertook to copy them. *See* Mot. to Dismiss, at 14. "[I]t is rarely possible to prove copying through direct evidence." *Whelan Assoc. v. Jaslow Dental Labs, Inc.*, 797 F.2d 1222, 1231-32 (3d Cir. 1991) (internal citation omitted); *Cottrill v. Spears*, No. 02-3646, 2003 WL 21223846, at *4 (E.D. Pa. May 22, 2003). Copying may therefore "be proved . . . by showing that defendant had access to the . . . copyrighted work and that allegedly infringing work is substantially similar to [it]." *Whelan*, 797 F.2d at 1231-32; *see also Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986), *cert. denied*, 476 U.S. 1159 (1986); *Roth Greeting v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir. 1970). "[C]ourts frequently dismiss copyright infringement claims for failure to allege facts that make it plausible a defendant had access to the allegedly copied work." *Tate-Robertson v. Walmart, Inc.*, No. 19-27, 2019 WL 6448960, at *4 (C.D. Cal. May 16, 2019).

Here, Plaintiff has not alleged any facts regarding access, much less facts plausibly showing that Defendants "had reasonable opportunity to view his works." *Wizkids*, 2003 WL 21250661, at *4; Mot. to Dismiss, at 14 ("No other details are provided regarding the dissemination or availability of the Paintings."). With respect to Nourison, Plaintiff's sole allegation is that it "copied" his paintings and "distributed" them to retailers. Opp. Br., at 3-5. Yet that is precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, which this Court must reject, since it contains no factual allegations regarding how Nourison accessed the paintings in the first place. With respect to Bed Bath & Beyond, Home Depot, Walmart, Kohl's, and QVC, the Amended Complaint lacks any allegation of copying and any alternative theory of liability, such as vicarious or contributory infringement, which would be necessary to state a claim against these defendants. *See, e.g.*, *Live Face on Web, LLC, v. Emerson Cleaners, Inc.*, 66 F. Supp. 3d 551, 556-58 (D.N.J. 2014) ("A plaintiff alleges a claim for vicarious copyright infringement when he alleges that the defendant has the right and ability to supervise

the infringing activity and also has a direct financial interest in such activities . . . . To allege a claim of contributory copyright infringement, a plaintiff must allege: (1) direct copyright infringement of a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) material contribution to the infringement.") (internal quotation marks and citations omitted). Plaintiff's copyright infringement claim, therefore, cannot be sustained on the basis of direct access.

A plaintiff may still state a claim of copyright infringement with circumstantial evidence of access. *See Tanksley v. Daniels*, 902 F.3d 165, 173 (3d Cir. 2018) ("In the great majority of cases, a plaintiff will lack direct evidence of copying, which may instead be shown through circumstantial evidence of access and similarity."); *Dam Things from Denmark a/k/a Troll Company ApS v. Russ Berrie & Co.*, 290 F.3d 548, 561 (3d Cir. 2002); *Cottrill*, 2003 WL 21223846, at *4 ("Plaintiffs seek to prove infringement without direct evidence and must therefore make the requisite showing as to access and similarity."). Access can be inferred from the circumstances if a plaintiff shows that the "two works are so strikingly similar as to preclude the possibility of independent creation." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *see also Tanksley*, 902 F.3d at 173-75; *Katzman v. Educ. Testing Servs.*, 793 F.2d 533, 541 (3d Cir. 1986), *abrogated on other grounds by TD Bank N.A. v. Hill*, 928 F.3d 259 (3d Cir. 2019); *Wizkids*, 2003 WL 21250661, at *4; *Hoffman v. Pressman Toy Corp.*, 790 F. Supp. 498, 505 (D.N.J. 1990), *aff'd*, 947 F.2d 935 (3d Cir. 1991). The "striking similarity" standard is more stringent than "substantial similarity." *See Hoffman*, 790 F. Supp. at 508. The works must be so alike that there can be "no other conclusion" than copying. *Id.* at 508-09; *Katzman*, 793 F.2d at 541.

Defendants in this matter argue that Plaintiff fails to allege or establish a striking similarity between his paintings and their rugs, because he fails to explain or describe the respects in which

their rugs are similar to his paintings. Specifically, Defendants contend that Plaintiff did not "identify what each Defendant unlawfully copied from each copyrighted work" or "plead exactly what was copied." Mot. to Dismiss, at 13-14; Reply Br., at 10. The Court need not rely on Plaintiff's words alone, and may "consider the disputed works" themselves, to determine—on a motion to dismiss—whether Plaintiff's paintings and Defendants' rugs are strikingly similar. *Tanikumi v. Walt Disney Co.*, 616 Fed. App'x. 515, 518 (3d Cir. 2015) (per curium); *see also In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (explaining that a district court may consider items integral to a complaint on a dismissal motion); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (explaining that a district court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). Indeed, "[w]hen a court is called upon to consider whether the works are substantially similar, . . . what is required is only a visual comparison." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010); *Tanikumi*, 616 Fed. App'x. at 518 (citing *Gaito Architecture*); *Wizkids*, 2003 WL 21250661, at *4 (visually analyzing two works on a motion to dismiss and finding that "[t]here is absolutely nothing similar about the two drawings"). Plaintiff, therefore, may allege a striking similarity by attaching his paintings and Defendants' rugs as exhibits, rather than providing a written comparison of the works. *See Tanksley*, 902 F.3d at 172 ("[I]n evaluating a motion to dismiss, courts are not limited to the four corners of the complaint, but may also consider evidence 'integral to or explicitly relied upon' therein . . . . The copyrighted and allegedly infringing works will necessarily be integral to an infringement complaint and are therefore properly considered under Rule 12(b)(6)." (internal citation omitted)).

"[H]aving limited the focus to the works themselves," I may dismiss Plaintiff's copyright infringement claim "if [I] conclude that 'no trier of fact could rationally determine the two [works] to be [strikingly] similar.'" *Tanskley*, 902 F.3d at 172 (citing 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.10[B][3] (rev. ed. 2018)).[4] To decide that question, I perform a side-by-side comparison of the works and, excluding any unprotectable elements, assess whether a "lay observer" would perceive striking similarities. *Whelan*, 797 F.2d at 1231-32; *Things from Den.*, 290 F.3d at 562 (stating the question is whether "a 'lay observer' would believe that the copying was of protectible aspects of the copyrighted work") (internal citation omitted); *Tanksley*, 902 F.3d at 172 (approving this approach); *see also Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 908 (3d Cir. 1975) (stating the question is how the works "would appear to a layman viewing [them] side by side"); *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) (stating the question is "whether "the ordinary observer, unless he set out to detect the disparities [in the two works], would be disposed to overlook them, and regard their aesthetic appeal as the same") (quoted in *Things from Den.*, 290 F.3d at 562, and in *Tanksley*, 902 F.3d at 174).

Here, no reasonable trier of fact could find a striking similarity between the protected aspects of Plaintiff's artwork and Defendants' rugs, and "justice is best served by putting 'a swift

---

4    This resembles the summary judgment standard, because the Third Circuit has instructed that the Court make the necessary visual comparison to determine the similarities of the works in question on a dismissal motion. Indeed, "[i]n justifying dismissals of copyright infringement claims, courts follow a now-familiar logical progression. First, in evaluating a motion to dismiss, courts are not limited to the four corners of the complaint, but may also consider evidence integral to or explicitly relied upon therein. The copyrighted and allegedly infringing works will necessarily be integral to an infringement complaint and are therefore properly considered under Rule 12(b)(6). Next, courts have justified consideration of substantial similarity at the pleading stage by noting that no discovery or fact-finding is typically necessary, because what is required is only a visual comparison of the works. Finally, having limited the focus to the works themselves, courts will dismiss an infringement action if they conclude that no trier of fact could rationally determine the two [works] to be substantially similar." *Tanksley*, 902 F.3d at 172 (upholding the district court's Rule 12(b)(6) decision because the judge "followed this precise line of reasoning in dismissing [the] complaint") (internal quotations, citations, and alterations omitted).

end to [this] meritless litigation.'" *Tanskley*, 902 F.3d at 172 (quoting *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 977 (2d Cir. 1980)). Based on the exhibits attached to the Amended Complaint, Plaintiff appears to allege that two rugs in Nourison's "Celestial" collection are copies of his paintings. According to Plaintiff, Defendants' rug titled "Celestial Seaglass" ("Seaglass") is a copy of Mother Earth, and Defendants' rug titled "Celestial Sealife" ("Sealife") is a copy of Heart So Big. *See* Am. Compl., Ex. E. Both Seaglass and Sealife are sold in varying sizes and shapes. *See id.*

While generally the rugs and paintings display vibrant colors in abstract patterns, nothing specific about them raises the inference that Defendants *must* have copied Plaintiff. Nor are the similarities, to the extent that there are any, sufficient to defeat the possibility that the works are independently created or derivative of some other, common work. In fact, the closest similarity between the rugs and Plaintiff's paintings is likely not protected by copyright at all. Two of the works—Plaintiff's Mother Earth and Defendants' Seaglass—appear to depict a map of the globe from a vast, overheard perspective. Yet, to the extent that they are alike in this regard, they merely use the same source material or contain the same thematic element, which is not a protectible aspect of a work and must be excluded from my comparison. *See Franklin Mint Corp. v. Nat'l Wildlife Art Exchange, Inc.*, 575 F.2d 62, 65 (3d Cir. 1978) ("[T]he fact that the same subject matter may be present in two paintings does not prove copying or infringement. Indeed, an artist is free to consult the same source for another original painting."); *see also Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239, 249 (1903) ("Others are free to copy the original (subject matter)."); *Tanskley*, 902 F.3d at 175 ("In works that involve a mix of protected and unprotected elements, as is the case here, the first step is to identify and exclude . . . any unprotected materials."). Put differently, the rugs are similar to the paintings, insofar as that is true, not because

13

they "appropriate[] the unique expressions of [Plaintiff], [but] merely because [they] contain[] elements that would be expected when two works explore the same idea or explore the same theme." *Kay Berry, Inc. v. Taylore Gifts, Inc.*, 421 F.3d 199, 208 (3d Cir. 2005). At bottom, "an artist who produces a rendition" with one type of technique, such as by combining vibrant colors in an abstract way, as here, is simply "hard pressed to prove unlawful copying by another who uses the same subject matter and the same technique." *Franklin Mint*, 575 F.2d at 65 (noting such a copyright is "weak" in the first place).

There are also "readily apparent dissimilarities" between the paintings and rugs, which contradicts Plaintiff's allegation that they bear a striking similarity. *Id.* The vibrant colors are different: Mother Earth emphasizes greens and purples, whereas Seaglass emphasizes oranges and pinks. Heart So Big emphasizes bright yellow-whites and neon blues and blacks, whereas Sealife emphasizes earthy or muted tones (mainly blues and yellows). Some versions of the Celestial rugs include faint shapes, such as ovals or florals, and borders, which are not present in either Mother Earth or Heart So Big. Moreover, Sealife's linear effect and orientation is different: its contrasting colors run parallel, up and down or across the length of the rug, whereas in Heart So Big the contrasting colors form a circle or spiral proceeding from the center of the painting. Heart So Big also contains a large, yellow-white center, whereas Sealife does not have an identifiable center at all. Plaintiff's proposed amendments fail to allege a striking similarity between his paintings and Defendants' rugs in these respects. As such, Plaintiff has not provided even circumstantial evidence that Defendants accessed or copied his paintings.

Finally, Defendants argue that Plaintiff's proposed infringement claim is deficient because Plaintiff does not allege "when any of the purported infringing acts by Nourison [or any other Defendant] took place." Mot. to Dismiss, at 14-17. Plaintiff does not disagree, but states that such

14

information could be "re-plead" when "discovery commences." Opp. Br., at 12. The Court rejects this argument. To defeat a motion to dismiss, a plaintiff's complaint must allege "during what time defendant has infringed [his] copyright." *See, e.g.*, *Levey*, 2013 WL 3285057, at *5-6. Here, Plaintiff's contention to the contrary—that he may satisfy this pleading requirement with facts developed in a future stage of litigation—is without merit and unsupported by case law.[5] Because (1) Plaintiff's copyrights are not entitled to a presumption of validity, (2) Plaintiff failed to plead facts showing Defendants accessed his paintings, (3) Plaintiff's paintings and Defendants' rugs are not so strikingly similar as to permit an inference of access, and (4) Plaintiff failed to plead facts showing when Defendants committed the alleged infringing acts, Plaintiff Proposed Amended Complaint has failed to state a plausible claim of copyright infringement.[6]

## IV. CONCLUSION

The Court finds that Plaintiff's Amended Complaint is untimely. Moreover, Plaintiff's original Complaint does not state a plausible claim of copyright infringement, and any further amendment would be futile. *See Phillips*, 515 F.3d at 245; *Levey*, 2013 WL 3285057, at *6 (dismissing a copyright claim and denying leave to amend because plaintiff had multiple opportunities to draft a plausible claim); *Barnard v. Verizon Commc'ns, Inc.*, 451 Fed App'x. 80,

---

[5] The Court also rejects Plaintiff's claim that Defendants "willfully" copied his paintings, which is immaterial to the elements of his copyright claim. *See, e.g.*, *Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 807 F.2d 1110, 1113 (2d Cir. 1986) ("[I]ntent or knowledge is not an element of infringement.").

[6] Given Plaintiff's counsel's history as a "copyright troll," *see McDermott v. Monday Monday, LLC*, No. 17-9230, 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) (noting counsel filed over 500 cases in the Southern District of New York alone in the preceding two years), I seriously question whether this litigation was filed in "bad faith" or with a "dilatory motive," *Levey*, 2013 WL 3285057, at *6, and reiterate that counsel is "test[ing] the limits of the Court's presumption of good faith." *Polaris Images Corp. v. Cable News Network, Inc.*, 365 F. Supp. 3d 340, 342 (S.D.N.Y. 2019) (noting counsel is a "repeat player . . . in hundreds of copyright actions" and that his "practices . . . have raised concerns."); *Steeger v. JMS Cleaning Servs., LLC*, No. 17-8013, 2018 WL 1363497, at *2 (S.D.N.Y. Mar. 15, 2018) ("It is troublesome that the motions for reconsideration continues the pattern of omissions and misrepresentations that has plagued [counsel's] earlier submissions in this action.").

87 (3d Cir. 2011) (finding it was not an abuse of discretion to deny leave for a curative amendment that would be futile where plaintiff "presented only claims that were well below governing pleading standards," even after being granted two opportunities to file amended complaints), *cert. denied*, 566 U.S. 964 (2012)); *see also Ybarra v. Wells Fargo Bank N.A.*, No. 12-1167, 2013 WL 12097807, at *9 (W.D. Tex. Aug. 29, 2013) (denying leave to amend because the plaintiff previously had a chance to amend and counsel had a history of using amendments to cause delay). Defendants' motion to dismiss is, accordingly, **GRANTED**.

**DATED**: August 20, 2020  /s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge